1    J. Andrew Coombs (SBN 123881)
     *andy@coombspc.com*
2    Nicole L. Drey (SBN 250235)
     *nicole@coombspc.com*
3    J. Andrew Coombs, A Prof. Corp.
     517 East Wilson Avenue, Suite 202
4    Glendale, California  91206
     Telephone:  (818) 500-3200
5    Facsimile:   (818) 500-3201

6    Attorneys for Plaintiffs DFSB
     Kollective Co. Ltd., Nega Network,
7    Cub Music, Oh! Records, Jungle
     Entertainment, Foundation Records,
8    Woollim Entertainment, Aftermoon
     Music Entertainment, Inc., Dada Music,
9    Electric Muse, and 55 am Net

10

11                       UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                                      )
     DFSB Kollective Co. Ltd., Nega Network, Cub   )   Case No. C11-1051 CW
14   Music, Oh! Records, Jungle Entertainment,     )
     Foundation Records, Woollim Entertainment,    )   DISCOVERY MATTER
15   Aftermoon Music Entertainment, Inc., Dada     )
     Music, Electric Muse, and 55am Net,           )   *EX PARTE* APPLICATION FOR LEAVE
16                                                 )   TO TAKE IMMEDIATE DISCOVERY
                     Plaintiffs,                   )   PRIOR TO RULE 26(f) CONFERENCE
17                                                 )   AND REQUEST FOR ENLARGEMENT
            v.                                     )   OF TIME WITHIN WHICH TO EFFECT
18                                                 )   SERVICE OF PROCESS PURSUANT TO
     John Does 1 – 10, inclusive,                  )   RULE 6(b)
19                                                 )
                     Defendants.                   )
20   _____)

21

22          Plaintiffs DFSB Kollective Co. Ltd., Nega Network, Cub Music, Oh! Records, Jungle

23   Entertainment, Foundation Records, Woollim Entertainment, Aftermoon Music Entertainment,

24   Inc., Dada Music, Electric Muse, and 55am Net (collectively "the DFSB Plaintiffs") hereby apply

25   *ex parte* for issuance of an Order, pursuant to Fed. R. Civ. P. 26(d), authorizing the DFSB

26   Plaintiffs to take expedited, pre-service discovery for the limited purpose of learning the true

27   identities, whereabouts, and legal status of Defendants John Does 1 – 10 (collectively

28

                                          - i –

DFSB, et al. v. Does: Motion for Expedited
Discovery

1
2
3
4
5
6
7
8
9
10
11
12

"Defendants"), doing business as (1) the blogs kpopexplorer.wordpress.com and

bingyang1411.livejournal.com; the website bingyang.co.cc; the 4shared.com User ID

"bingyang.co.cc"; the Mediafire User ID "bingyang1411"; the Megaupload User ID

"bingyang1411@wp"; the Photobucket User ID "bingyang1411"; and the email addresses

dinh0612@gmail.com, bingyang1411@livejournal.com, and bingyang1411@gmail.com; and (2)

the blogs asianloud.co.cc, koreanmusicdownload.blogspot.com, koreanmusicswave.blogspot.com,

ikpooop.blogspot.com, jpopart.blog138.fc2.com, and kpopsounds.blogspot.com; the Facebook IDs

"Asian-Loud" and "Asianloud";  the Twitter User ID "joehanny"; the YouTube User ID

"kpopsounds88"; the Google Adsense ID "pub-5511123054466256"; the Linkbucks account

associated with  URL "d6a5c576.linkbucks.com"; and the email address mocchalee@gmail.com,

in order to amend the Complaint and properly serve Defendants with process.

Defendants' illegal activities have caused significant and irreparable harm to the DFSB

Plaintiffs.  Yet without the relief requested in the Application, the DFSB Plaintiffs will be unable to

vindicate their rights.  Although the DFSB Plaintiffs have identified various email addresses and/or

accounts and/or user IDs through which Defendants conduct their infringement of the DFSB

Plaintiffs' valuable intellectual property, Defendants' true identities are hidden through various

third-party service providers.  To learn the true identities of Defendants and their relationships to

the infringing activities, the DFSB Plaintiffs by this application seek to serve subpoenas for the

production of documents and deposition, if necessary, pursuant to Federal Rule of Civil Procedure

45, on the following entities through which Defendants used and/or facilitated their offers and/or

links to offers of infringing content:

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.      Automattic, Inc.;

2.      LiveJournal Inc.;

3.      pmStation Company;

4.      MediaFire;

5.      Megaupload Limited;

6.      Photobucket, Inc.;

7.      Google Inc.;

DFSB, et al. v. Does:  Motion for Expedited
Discovery
ii

8.    FC2 Inc.;

9.    Facebook;

10.    Twitter, Inc.;

11.    LinkBucks.com;

12.    Should the above-described discovery fail to provide the true identifies of the Defendants, any other companies that have information regarding Defendants' identities that may be uncovered by the DFSB Plaintiffs' limited discovery from the 11 entities described above.

This application is made in the interests of justice and pursuant to the Court's inherent equitable power to authorize discovery before the parties have met and conferred as provided in Federal Rules of Civil Procedure Rule 26(d).

In addition, the DFSB Plaintiffs respectfully request a sixty (60) day enlargement of time to effect service of process within the Court's broad discretion pursuant to Federal Rules of Civil Procedure Rule 6(b) to grant such an enlargement so long as the request is made before the expiration of the period originally prescribed.

This application is based upon the Memorandum of Points and Authorities, the Declarations filed in support, including Exhibits attached thereto, the Complaint and any other papers and records on file in this action and upon such additional evidence and arguments as may be presented at, or before the hearing, on the DFSB Plaintiffs' Application for an Order Granting Leave to Take Immediate Discovery Prior to Rule 26(f) Conference and Request for Extension of Time Within Which to Effect Service of Process Pursuant to Rule 6(b).

/ / /

/ / /

/ / /

DFSB, et al. v. Does:  Motion for Expedited Discovery                                    iii

1

2

3

4

5

     This application is made *ex parte* without notice because the DFSB Plaintiffs have been unable to identify and locate the Defendants, the requested relief is necessary to reveal the true identity and location of the Defendants, and this litigation cannot proceed without the discovery requested in this application.

6

DATED:  April 14, 2011            J. Andrew Coombs, A Professional Corp.

7

8

By:  __/s Nicole L. Drey_____
         J. Andrew Coombs

9

         Nicole L. Drey
Attorneys for Plaintiffs DFSB Kollective Co. Ltd.,

10

Nega Network, Cub Music, Oh! Records, Jungle
Entertainment, Foundation Records, Woollim

11

Entertainment, Aftermoon Music Entertainment, Inc.,
Dada Music, Electric Muse, and 55am Net

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**INTRODUCTION**                                                                          1

**FACTUAL AND PROCEDURAL BACKGROUND**                                                     1

**ARGUMENT**                                                                              4

**I.      The DFSB Plaintiffs' Application Warrants Granting Leave to Take Immediate Discovery.**                                                                          4

    **A.      The DFSB Plaintiffs Have Identified the Defendants with Sufficient Specificity.**                                                                    5

    **B.      The DFSB Plaintiffs Have Described Their Efforts to Identify the Elusive Defendants.**                                                                     5

    **C.      The DFSB Plaintiffs' Action for Copyright Infringement Would Withstand a Motion to Dismiss.**                                                            6

    **D.      The DFSB Plaintiffs Have Justified the Discovery.**                           6

    **E.      The DFSB Plaintiffs Have Shown Good Cause.**                                  7

**II.     The DFSB Plaintiffs Demonstrate Cause Permitting an Enlargement of Time Within Which to Effect Service of Process.**                                         9

**CONCLUSION**                                                                            11

## **TABLE OF AUTHORITIES**

**CASES**

ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 66 (2d Cir. 1996) ................................... 7

Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV 3841,
1997 U.S. Dist. LEXIS 15957, at *58 (S.D.N.Y. Oct. 14, 1997)...................................................... 7

Best Western International, Inc. v. John Doe,
2006 U.S. Dist. LEXIS 56014, *3-4 (Ariz. July 25, 2006) ................................................................ 8

Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,
403 U.S. 388, 389 n. 2, 91 S. Ct. 1999 (1971) ............................................................................... 4

Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) .......................... 1, 4-5

Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992)....................................................................... 4

Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) ................................................................9-10

Entertainment Tech. Corp. v. Walt Warner Imagineering,
No. Civ. A. 03-3546, 2003 U.S. Dist. LEXIS 19832, at *12 (E.D. Pa. 2003) ................................. 7

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) .................................................................... 4

Health Ins. Ass'n of Am. v. Novelli, 211 F. Supp. 2d 23, 28 (D. D.C. 2002) ................................... 7

Henderson v. United States,
517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996) ........................................................ 9

Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980)........................................................................... 4

Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)............................................................. 9

Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,
213 F.R.D. 418, 419 (D. Colo. 2003)................................................................................................ 7

Rocker Mgt. LLC v. John Does, No. MISC 03-003 3 CRB,
2003 U.S. Dist. LEXIS 16277, at *1-2, (N.D. Cal. May 29, 2003) .................................................. 4

Semitool, Inc. v. Tokyo Electron Am., Inc.,
208 F.R.D. 273, 275-76 (N.D. Cal. 2002)......................................................................................7-8

Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990).................................................................. 6

Taylor Corp. v. Four Seasons Greetings, LLC,
315 F.3d 1039, 1041-42 (8th Cir. 2003)........................................................................................... 7

Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) ................................................................... 4

Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) ......................................................... 4

Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,
202 F.R.D. 612, 614 (D. Ariz. 2001)................................................................................................ 7

DFSB, et al. v. Does:  Motion for Expedited
Discovery

vi

**STATUTES**

17 U.S.C. § 410(c) ............................................................................................................. 6

Fed. R. Civ. P. 26(d) ......................................................................................................i, iii

Fed. R. Civ. P. 26(f) ...............................................................................................iii, 2, 6, 8

Fed. R. Civ. P. 45 ........................................................................................................ ii, 2

Fed. R. Civ. P. 6(b) ...................................................................................................iii, 9

**OTHER AUTHORITIES**

4 Nimmer § 14.06[A], at 14-103 .................................................................................. 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#### INTRODUCTION

Defendants John Does 1 – 10 (collectively "Defendants") are infringers of copyrighted musical recordings and related artwork who will be rewarded for concealing their identities to avoid responsibility for their illegal actions if this application is not granted.  Plaintiffs DFSB Kollective Co. Ltd., Nega Network, Cub Music, Oh! Records, Jungle Entertainment, Foundation Records, Woollim Entertainment, Aftermoon Music Entertainment, Inc., Dada Music, Electric Muse, and 55am Net (collectively "the DFSB Plaintiffs") have met and exceeded the applicable burden by employing significant effort to identify and locate these infringers, without success.  The early discovery sought in this application is justified, and good cause exists as the DFSB Plaintiffs will be without recourse against Defendants absent the relief sought herein.

Where tortious conduct occurs through on-line activity, "[s]ervice of process can pose a special dilemma for plaintiffs."  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  The Internet enables tortfeasors "to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement" virtually "pseudonymously or anonymously" due to their ability to provide "fictitious or incomplete identifying information" in on-line transactions.  Id. at 578.  Thus, courts permit early discovery to uncover the defendant's identity in order to permit compliance with service requirements, utilizing established safeguards.  Id.  Indeed, federal courts in this District routinely have granted early discovery in lawsuits factually similar to the instant lawsuit.  Declaration of Nicole L. Drey ("Drey Decl.") at Exhibit ("Ex.") N (containing copies of illustrative orders in this District granting expedited discovery in similar cases).  Accordingly, the DFSB Plaintiffs respectfully request that the subject application be granted.

#### FACTUAL AND PROCEDURAL BACKGROUND

Since and before the filing of the complaint, the DFSB Plaintiffs have researched all available online resources and public records, including extensive research on Lexis-Nexis and by other means, in search of identification and address information for Defendants, including any and all possible aliases, dba's, email addresses, websites, physical locations, and associated accounts. Such research did not yield the true identities of Defendants, and the DFSB Plaintiffs have concluded that Defendants' identities are either unknown or have been deliberately concealed by Defendants who did not provide full names or other identifying information on the various platforms on which they infringed the DFSB Plaintiffs' copyrighted works.  Drey Decl. at ¶¶ 3-4.

As alleged in the complaint on file herein, the DFSB Plaintiffs own, co-own or possess exclusive rights to valid and effective copyrights in a number of musical recordings and associated

DFSB, et al. v. Does: Motion for Expedited Discovery

- 1 -

artwork.  Complaint ("Compl.") at ¶ 16; <u>see also</u> <u>id.</u> at Ex. A.  Unfortunately, Defendants, among others, have ignored the protection the DFSB Plaintiffs enjoy in their properties and offer and/or link to offers of downloads of the DFSB Plaintiffs' musical recordings and related artwork.  <u>Id.</u> at ¶¶ 20-31.  Moreover, the Internet fosters a level of anonymity which can make identification of those who infringe the DFSB's copyrights nearly impossible, absent discovery, when the infringers take steps to conceal their true identities.  Drey Decl. at ¶¶ 4-15, 18; <u>see also</u> Declarations of Jung Hyun Cho ("Cho Decls."), <u>generally</u>.  Defendants are such pirates and infringers who have taken great measures to avoid and ignore responsibility for their actions using accounts serviced by various third-party providers.  <u>See</u> Cho Decls., <u>generally</u>; <u>see also</u> Drey Decl. at ¶¶ 3-4.

Defendants have obfuscated their true identities in their online transactions by using false identifying information.  The Defendants were users of Automattic, Inc., LiveJournal Inc., pmStation Company, MediaFire, Megaupload Limited, Photobucket, Inc., Google Inc., FC2 Inc., Facebook, Twitter, Inc., and LinkBucks.com, operating under the User IDs "kpopexplorer," "bingyang1411," "bingyang.co.cc," "bingyang1411@wp," "asianloud.co.cc," "koreanmusicdownload," "koreanmusicswave," "ikpooop," "jpopart," "kpopsounds," "Asian-Loud," "Asianloud," "joehanny," "kpopsounds88," "pub-5511123054466256," "d6a5c576," and the email addresses dinh0612@gmail.com, bingyang1411@livejournal.com, bingyang1411@gmail.com, and mocchalee@gmail.com.  Cho Decls., <u>generally</u>; Drey Decl. at ¶ 3.  As of the filing of this application, publicly accessible information regarding Defendants' known email addresses or user IDs is limited, Defendants' true locations and identities are unknown, and Defendants are deliberately concealing their true identities and whereabouts.  Drey Decl. at ¶¶ 3-4.  The third-party service providers, through which Defendants conduct their anonymous and illegal activities, are the entities most likely to have information that will assist in identifying Defendants so that service can be effected.

The DFSB Plaintiffs, therefore, seek leave of Court to serve limited discovery on Automattic, Inc., LiveJournal Inc., pmStation Company, MediaFire, Megaupload Limited, Photobucket, Inc., Google Inc., FC2 Inc., Facebook, Twitter, Inc., LinkBucks.com, and other necessary entities that may be uncovered during discovery (collectively the "Third-Party Service Providers"), prior to the Fed. R. Civ. P. 26(f) Conference of Parties, to conclusively identify and locate the Defendants.  The DFSB Plaintiffs intend to serve Fed. R. Civ. P. 45 subpoenas on the Third-Party Service Providers seeking Defendants' true names, addresses, and telephone numbers, as well as the identity of any associated financial institution(s) (enabling the DFSB Plaintiffs to

1
2
3

take additional discovery from the identified financial institution(s) should the DFSB Plaintiffs be unable to serve the Defendants after review of the records produced by the Third-Party Service Providers).

4
5
6
7
8
9

     If the Court grants this request, the DFSB Plaintiffs will serve subpoenas on the Third-Party Service Providers within ten (10) business days of receiving the Court's order.  The Third-Party Service Providers will be able to move this Court for an Order quashing the subpoenas and give notice to their subscribers that the information is being sought, and any subscriber will have the opportunity to raise any objections before this Court prior to the return date of the subpoenas.  Thus, there is no countervailing reason to deny the DFSB Plaintiffs' application for early discovery from these Third-Party Service Providers.

10
11
12
13
14
15
16
17
18
19
20
21

     Moreover, the DFSB Plaintiffs demonstrate good cause for their request for an enlargement of time of an additional 60 days within which to effect service of Process.  The DFSB Plaintiffs filed their Complaint on or about March 7, 2011.  Pursuant to Fed. R. Civ. P. 4(m), the DFSB Plaintiffs must serve Defendants no later than on or about July 2, 2011.  Although the DFSB Plaintiffs are diligently prosecuting this action and making every attempt to serve Defendants within the prescribed 120 days, Defendants' deliberate concealment of their locations and evasion of service has left the DFSB Plaintiffs no recourse other than to seek information from the Third-Party Service Providers.  In doing so, the DFSB Plaintiffs must await the responses from the Third-Party Service Providers and analyze the information produced to identify and locate the Defendants.  The DFSB Plaintiffs thereafter will attempt service and then must await the response and any additional information obtained by the process server, and the DFSB Plaintiffs likely will be required to re-attempt service on the evasive Defendants on multiple occasions.  Accordingly, the DFSB Plaintiffs demonstrate good cause for a 60-day enlargement of time within which to serve the Defendants.

22
23
24

     In short, the DFSB Plaintiffs respectfully request the Application for Leave to Take Immediate Discovery and Request for an Enlargement of Time Within Which to Serve the Defendants be granted.

25
26

/ / /

27
28

DFSB, et al. v. Does: Motion for Expedited Discovery

- 3 -

1

**ARGUMENT**

2

**I.      The DFSB Plaintiffs' Application Warrants Granting Leave to Take Immediate**

3

**Discovery**

4

Courts routinely allow discovery to identify "doe" defendants.  See Wakefield v.

5

Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given

possibility that identity could be ascertained through discovery); Gillespie v. Civiletti, 629 F.2d

6

637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the

7

filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify

8

the unknown defendants"); see also Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997)

9

(discovery should have been permitted to reveal identity of defendant); Dean v. Barber, 951 F.2d

10

1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where

identity of John Doe could have been determined through discovery); Maclin v. Paulson, 627 F.2d

11

83, 87 (7th Cir. 1980) (plaintiff should have been permitted limited discovery); Bivens v. Six

12

Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 n. 2, 91 S. Ct.

13

1999 (1971).  This is especially true in the context of on-line transactions where defendants often

14

act virtually "pseudonymously or anonymously" as tortfeasors in providing "fictitious or

15

incomplete identifying information."  Seescandy.com, 185 F.R.D. at 578.

16

Courts consider the following factors, when granting motions for expedited discovery, to

17

identify anonymous Internet users:

18

(1) whether the plaintiff can "identify the missing party with sufficient specificity such that

the Court can determine that defendant is a real person or entity who could be sued in

19

federal court";

20

(2) the previous steps taken by the plaintiff "to locate the elusive defendant";

21

(3) whether plaintiff's "suit against defendant could withstand a motion to dismiss"; and

22

(4) whether plaintiff has "justified the [need for the] specific discovery requested."

Seescandy.com, 185 F.R.D. at 578-80; see also Rocker Mgt. LLC v. John Does, No. MISC 03-003

23

3 CRB, 2003 U.S. Dist. LEXIS 16277, at *1-2, (N.D. Cal. May 29, 2003) (applying

24

Seescandy.com standard to identify persons who posted libelous statements on Comcast message

25

board; denying request for expedited discovery where the postings in question were not libelous).

26

The DFSB Plaintiffs' Application meets this standard.

27

28

/ / /

DFSB, et al. v. Does: Motion for Expedited
Discovery
- 4 -

A.      The DFSB Plaintiffs Have Identified the Defendants with Sufficient Specificity.

First, the DFSB Plaintiffs have sufficiently identified the Defendants such that the Court can determine that the Defendants are each a "real person" who can be sued in federal court. *See* Seescandy.com, 185 F.R.D. at 578-80.  The DFSB Plaintiffs have identified the Defendants by email addresses as well as by their individual user IDs or accounts.  Cho Decls., generally; Drey Decl. at ¶ 3.  The Third-Party Service Providers require that users provide contact information and, at times, authenticate their identity in order to transact business using the services.  Drey Decl. at ¶¶ 5-15.

The DFSB Plaintiffs have investigated and compiled screenshots, downloads and/or other evidence of each Defendant's infringing activities.  Cho Decls., generally; see also Drey Decl. at ¶ 3.  The DFSB Plaintiffs have also researched extensively the accounts used to facilitate Defendants' infringing activities.  Drey Decl. at ¶ 3.  These same accounts provide a shield against identification and responsibility for Defendants' illegal activities.  See id. at ¶ 4.  Unfortunately, Defendants have provided no publicly available information that is traceable to valid identities or physical locations for purposes of service of process.  Id.  However, due to the ongoing nature of the relationships between the Third-Party Service Providers and their users, the Third-Party Service Providers may possess additional information provided by the Defendants in response to, for example, requests for additional or updated information.  Id. at ¶¶ 5-15.  In particular, Google Inc. and LinkBucks.com have ongoing relationships with their users due to their need to accurately send and receive payments and are in positions to provide information sufficient to identify and locate the Defendants after reviewing their records.  Id. at ¶¶ 11, 15.  Thus, each Defendant is a "real person" who can be sued in federal court whose name and/or address are known to the Third-Party Service Providers.

B.      The DFSB Plaintiffs Have Described Their Efforts to Identify the Elusive Defendants.

Second, the DFSB Plaintiffs have identified the steps they have taken to identify and locate Defendants and have gathered as much information about these Defendants as possible.  See Cho Decls. & Drey Decl., generally.  The DFSB Plaintiffs have saved screenshots and/or downloads of the infringing content offered by Defendants.  Cho Decls., generally.  Further, the DFSB Plaintiffs have scoured the Internet and linked to Defendants numerous accounts in their attempts to ascertain Defendants' true locations and identities.  Drey Decl. at ¶ 3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The DFSB Plaintiffs can obtain no other identifying information for Defendants without discovery from the Third-Party Service Providers or similar third-party service providers.  Drey Decl. at ¶¶ 4, 16.  The DFSB Plaintiffs have selected the various Third-Party Service Providers because they each have a continuous relationship with their users and subscribers and request updated and additional personal information throughout these relationships.  Id. at ¶¶ 5-15.  Specifically, the DFSB Plaintiffs have selected Google Inc. and LinkBucks.com because each Google AdSense or LinkBucks account is linked with a verified financial account.  Drey Decl. at ¶¶ 11, 15.  Moreover, Google's and LinkBucks' records most likely will yield correct identifying information as the Defendants will have been motivated to ensure that data pertaining to *receipt* of payment is accurate.

> C.   The DFSB Plaintiffs' Action for Copyright Infringement Would Withstand a Motion to Dismiss.

Third, the complaint sufficiently pleads a *prima facie* claim for direct copyright infringement that would withstand a motion to dismiss.  Copyright infringement is proved by showing (i) ownership of the copyright and (ii) copying.  Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990).  A certificate of registration made before publication or within five years after publication is *prima facie* evidence of copyright validity and of the facts stated in the certificate. 17 U.S.C. § 410(c).

The DFSB Plaintiffs have alleged that they own or co-own and have registered the copyrights in the works at issue or have exclusive rights under copyright in such works, and that Defendants have distributed, publicly displayed, offered or linked to offers of those copyrighted works without the DFSB Plaintiffs' authorization.  See Compl. at ¶¶ 7-52.  These allegations state claims for copyright infringement.  Accordingly, the Complaint would withstand a motion to dismiss.

> D.   The DFSB Plaintiffs Have Justified the Discovery.

The DFSB Plaintiffs have justified the need for the discovery requested.  The DFSB Plaintiffs cannot wait until after the Fed. R. Civ. P. 26(f) Conference of Parties to propound this discovery because of the initial and continuous inability to serve the Defendants with process, thereby making any such conference impossible.  The DFSB Plaintiffs have limited the subject matter concerning the discovery and have proposed an Order incorporating safeguards which permit the individuals affected to object.

DFSB, et al. v. Does: Motion for Expedited Discovery

- 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E.      The DFSB Plaintiffs Have Shown Good Cause.

The DFSB Plaintiffs also satisfy the "good cause" standard for allowing early discovery applied by some courts.  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Warner Imagineering, No. Civ. A. 03-3546, 2003 U.S. Dist. LEXIS 19832, at *12 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 614 (D. Ariz. 2001) (adopting a good cause standard).

The requirement that parties must meet and confer prior to seeking discovery may be dispensed with if good cause is shown. Semitool, Inc., 208 F.R.D. at 275-76.  First, good cause exists where, as here, the complaint alleges claims of copyright infringement, and the DFSB Plaintiffs, as the holders of exclusive rights under copyright, are presumed to have suffered irreparable harm.  Id. at 276; Qwest Comm., 213 F.R.D. at 419 ("The good cause standard may be satisfied…where the moving party has asserted claims of infringement..."); Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV 3841, 1997 U.S. Dist. LEXIS 15957, at *58 (S.D.N.Y. Oct. 14, 1997); 4 Nimmer § 14.06[A], at 14-103; Health Ins. Ass'n of Am. v. Novelli, 211 F. Supp. 2d 23, 28 (D. D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted); Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1041-42 (8th Cir. 2003); ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 66 (2d Cir. 1996).  Moreover, the harm suffered here in particular is unquestionably irreparable as Defendants have publicly displayed, distributed, and/or offered or linked to offers for download the DFSB Plaintiffs' copyrighted works and have profited from the same through the publication of paid advertisements on their online platforms.  Compl. at ¶¶ 20-31; see also Drey Decl. at ¶¶ 3, 11, 15.  Further, in light of Defendants' elusive histories of providing little to no identifying information and Defendants' engagements in unlawful activity, the relief requested in this application is essential in stemming future, continued infringement of the DFSB Plaintiffs' copyrighted works under different user IDs, accounts, or email addresses.

DFSB, et al. v. Does: Motion for Expedited Discovery

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second, good cause exists because the narrowly tailored discovery requested seeks only the minimum information required to advance this lawsuit and will not prejudice the Defendants.[1]  See Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). There is no prejudice to Defendants because the DFSB Plaintiffs merely seek information to identify Defendants and to serve them, and the DFSB Plaintiffs agree to use the information disclosed pursuant to their subpoenas only for the purpose of protecting their rights under the copyright laws.  Moreover, as the subpoenaed Third-Party Service Providers will be able to give notice to their subscribers that this information is being sought, any subscriber, including Defendants, will have the opportunity to raise any objections before this Court prior to the return date of the subpoenas.

Third, this lawsuit is at a standstill without the limited discovery the DFSB Plaintiffs seek as the DFSB Plaintiffs can obtain no other identifying information about the Defendants without discovery from the Third-Party Service Providers.  Defendants used the Third-Party Service Providers to provide cover and to facilitate their illegal activities.  Courts regularly permit early discovery where such discovery will "substantially contribute to moving [the] case forward." Semitool, 208 F.R.D. at 277.; see also Best Western International, Inc. v. John Doe, et al., 2006 U.S. Dist. LEXIS 56014, *3-4 (Ariz. July 25, 2006) ("[Plaintiff] has satisfied the good cause requirement. [Plaintiff] has established by affidavit that it is unable to identify the John Doe Defendants by means other than the subpoenas. . . . The case cannot proceed and a Rule 26(f) conference cannot be held until these Defendants are identified.").

Fourth, "courts have recognized that [Internet service providers] typically retain user information for only a limited period" and that good cause is shown where the information sought may be lost if discovery is delayed.  Best Western, 2006 U.S. Dist. LEXIS at *3-4 citing UMG Recordings, Inc. v. Does, 2006 U.S. Dist. LEXIS 32821, 2006 WL1343597, at *1 (N.D. Cal. Mar. 6, 2006) ("Because the identities of the John Doe Defendants [are] necessary for this case to proceed and there is reason to believe that those identities may be lost if discovery is delayed, the Court concludes that [Plaintiff] has established good cause to conduct discovery before the Rule 26(f) conference.").   Thus, the DFSB Plaintiffs seek only to gather timely information from the

---

[1] Likewise, there is no prejudice to the Third-Party Service Providers since they will be able to seek an order quashing any subpoenas directed at them, or to move this Court for other relief.

DFSB, et al. v. Does: Motion for Expedited Discovery

- 8 -

1    very sources used by Defendants to further their illegal activities and only for purposes of

2    conclusively identifying and locating the Defendants so that the lawsuit can proceed.

3        **II.        The DFSB Plaintiffs Demonstrate Cause Permitting an Enlargement of Time**

4                    **Within Which to Effect Service of Process**

5            The DFSB Plaintiffs respectfully request that, pursuant to Rule 6(b), the Court grant a sixty

     (60) day enlargement of time within which to effect service of the Summons and Complaint.

6                    When by these rules or by a notice given thereunder or by order of

7                    court an act is required or allowed to be done at or within a specified

8                    time, the court for *cause shown* may at any time in its discretion (1)

9                    with or without motion or notice order the period enlarged if request

10                   therefor is made before the expiration of the period originally

                     prescribed or as extended by a previous order . . .

11   Fed. Rule Civ. P. 6(b) (<u>emphasis added</u>).  The DFSB Plaintiffs filed their Complaint on or about

12   March 7, 2011.  Per Rule 4(m),[2] the DFSB Plaintiffs must effect service of Summons and

13   Complaint on Defendants on or about July 2, 2011.  Drey Decl. at ¶ 2.  Accordingly, the DFSB

14   Plaintiffs submit their request for an enlargement of time "before the expiration of the period

15   originally prescribed" by Rule 4(m).  Fed. Rule Civ. P. 6(b).

16           Moreover, "[d]istrict courts have broad discretion to extend time for service under Rule

17   4(m). . . .[as] Rule 4's 120-day time period for service 'operates not as an outer limit subject to

     reduction, but as an irreducible allowance.'"  <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir.

18   2007) <u>quoting</u>  <u>Henderson v. United States</u>, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880

19   (1996).  Further, "'Rule 4(m) explicitly permits a district court to grant an extension of time to

20   serve the complaint after that 120-day period.'"  <u>Id.</u> <u>quoting</u> <u>Mann v. Am. Airlines</u>, 324 F.3d 1088,

21   1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court after the

22   120-day period has expired.").  Pursuant to Fed. R. Civ. P. 4(m), a district court is required to grant

23   an extension of time for service if good cause is shown and permitted to grant such an extension

24   even absent good cause.  <u>Mann</u>, 324 F.3d at 1090, n. 2 <u>citing</u> <u>Henderson</u>, 517 U.S. at 662.

25

26   _____

     [2]  "If service of the summons and complaint is not made upon a defendant within 120 days after the
     filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff,
27   shall dismiss the action without prejudice as to that defendant or direct that service be effected
     within a specified time; provided that if the plaintiff shows good cause for the failure, the court
28   shall extend the time for service for an appropriate period."  <u>Efaw v. Williams</u>, 473 F.3d 1038,
     1041 (9th Cir. 2007) <u>quoting</u> Fed. R. Civ. P. 4(m).

     DFSB, et al. v. Does: Motion for Expedited                      - 9 -
     Discovery

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, the DFSB Plaintiffs' actions thus far demonstrate good cause for granting an enlargement of time to effect service upon the Defendants.  First, as discussed previously, the DFSB Plaintiffs have in good faith made significant attempts to identify, locate and serve Defendants within the 120-day period.  <u>See</u> Drey Decl. at ¶¶ 3-4.  Prior to and continuing through the filing of the Complaint, the DFSB Plaintiffs have researched available public records, including extensive research on Lexis-Nexis and by other means, in search of contact information for Defendants, including any and all possible aliases, dba's, email addresses, websites, accounts, User IDs, and physical locations.  <u>Id.</u> at ¶ 3.  However, Defendants have provided very little to no identifying information on which the DFSB Plaintiffs can proceed with their research.  <u>See</u> <u>id.</u> at ¶ 4.

Second, Defendants will not suffer prejudice by virtue of the delayed service.  Pursuant to Rule 4(m), the DFSB Plaintiffs are to serve Defendants on or about July 2, 2011.  Drey Decl. at ¶ 2.  The DFSB Plaintiffs request an extension of only 60 days within which to serve Defendants. Accordingly, this is not a significant delay during which memories may fade or evidence be lost that would prejudice Defendants.  <u>Id.;</u>  <u>but see</u> <u>Efaw v. Williams</u>, 473 F.3d at 1041 (finding that an extraordinary delay of seven years prejudiced Defendant).

Finally, assuming *arguendo* that the DFSB Plaintiffs' Application for Leave to Take Immediate Discovery is granted, the DFSB Plaintiffs demonstrate good cause for their request for an enlargement of time of an additional 60 days within which to effect service on Defendants. Although the DFSB Plaintiffs are diligently prosecuting this action and making every attempt to serve Defendants within the prescribed 120 days, Defendants' deliberate concealment of their locations and evasion of service have left the DFSB Plaintiffs no recourse other than to seek identifying information from Third-Party Service Providers.  In doing so, the DFSB Plaintiffs must wait 21 days for the information from the Third-Party Service Providers and subsequently analyze the information produced to identify and locate the Defendants.  The DFSB Plaintiffs will thereafter attempt service and must then await the response and any additional information obtained by the process server.  Likely, the DFSB Plaintiffs will be required to re-attempt service on the evasive Defendants on multiple occasions.  Under the circumstances, the DFSB Plaintiffs demonstrates that they are diligently prosecuting the Action and good cause exists for a 60-day enlargement of time within which to serve the Defendants.

/ / /

DFSB, et al. v. Does: Motion for Expedited Discovery

- 10 -

1

**CONCLUSION**

2

For the foregoing reasons, and as it has no other recourse absent this Court's intervention,

3

the DFSB Plaintiffs respectfully request that the Court grant the *Ex Parte* Application and enter an

4

Order substantially in the form of the attached Proposed Order.

5

6

DATED:  April 15, 2011                                J. Andrew Coombs, A Professional Corp.

7

By: __/s Nicole L. Drey_____

8

        J. Andrew Coombs
        Nicole L. Drey

9

Attorneys for Plaintiffs DFSB Kollective Co. Ltd., Nega Network, Cub Music, Oh! Records, Jungle

10

Entertainment, Foundation Records, Woollim Entertainment, Aftermoon Music Entertainment, Inc.,

11

Dada Music, Electric Muse, and 55am Net

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28