UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DFSB KOLLECTIVE CO., LTD. and others,<br><br>                Plaintiffs,<br><br>     v.<br><br>BING YANG, INDRAWATI YANG, and others,<br><br>                Defendants. | Case No. 11-cv-01051 CW (NC)<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 28, 29 |

In this action for copyright infringement, plaintiffs move for the entry of default judgment under Federal Rule of Civil Procedure 55(b)(2) against defendants Bing Yang and Indrawati Yang. Plaintiffs request an award of $315,000 in statutory damages against Bing Yang, an award of $900,000 in statutory damages against Indrawati Yang, interest under 28 U.S.C. § 1961(a), and a permanent injunction barring defendants from further infringing plaintiffs' copyrights. The motion was referred to this Court by District Judge Wilken. Dkt. No. 29. As the allegations in the complaint and motion for default judgment do not establish that this Court has personal jurisdiction over Bing Yang and Indrawati Yang, who are residents of Vietnam and Indonesia respectively, this action may not be instituted in this district under 28 U.S.C. § 1441(a) (providing that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights

or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."). Accordingly, plaintiffs are ORDERED TO SHOW CAUSE by June 4, 2012, why this Court should not recommend to the District Court that this action be dismissed for lack of personal jurisdiction and improper venue.

## I. BACKGROUND

Plaintiff DFSB Kollective Co. Ltd. is a corporation that acquired the rights to promote and protect the musical-recording copyrights owned by plaintiffs Nega Network, Jungle Entertainment, Foundation Records, Woolim Entertainment, Aftermoon Music Entertainment, Inc., Paragon Music Corp., Roxta Music, and Spot/Monky Global. Am. Comp. ¶¶ 1, 7, Dkt. No. 16. All of the plaintiffs are Korean corporations. *Id.* ¶ 2. The copyrights owned by plaintiffs were issued by the United States Copyright Office and cover various Korean pop songs and their corresponding album artwork. *Id.* ¶¶ 7, 16.

Plaintiffs claim that defendants Bing Yang and Indrawati Yang post on their websites links to material available on third-party websites that allegedly infringes plaintiffs' copyrights. *Id.* ¶ 3. The websites on which defendants post infringing material are "often hosted on servers located outside of the United States." *Id.* ¶ 24. Defendants allegedly profit from this activity by displaying advertisings next to the infringing material. *Id.* ¶ 3. Plaintiffs claim that these activities constitute willful copyright infringement, contributory copyright infringement, and inducement of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-810. *Id.* ¶ 4.

In the operative complaint, plaintiffs allege that the Court has personal jurisdiction over defendants because (1) defendants or their agents "are doing business in this district"; and (2) a "substantial part of the wrongful acts" committed by defendants "has occurred in interstate commerce in the State of California and Northern District of California." *Id.* ¶ 6. Plaintiffs also state conclusorily that venue in this district is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

//

## II. LEGAL STANDARD

"[D]efault judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). After the clerk enters a defendant's default, a court must take "the well-pleaded factual allegations" in the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). However, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

In determining whether to enter a default judgment, a court "may dismiss an action sua sponte for lack of personal jurisdiction," because a "judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). A court, however, must provide to a plaintiff the opportunity to assert facts to establish that the exercise of personal jurisdiction over a nonresident defendant is proper before dismissing an action for lack of personal jurisdiction. *Id.*

## III. DISCUSSION

Based on the allegations in the complaint and the motion for default judgment, the Court lacks personal jurisdiction over defendants; consequently, this action cannot be brought in this district under 28 U.S.C. § 1400(a).

In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in which it sits when there is no applicable federal statute governing personal jurisdiction. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). District courts in California may exercise personal jurisdiction over a nonresident defendant to the extent permitted by the Due Process Clause of the Constitution. CAL. CODE CIV. P. § 410.10. The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). "[L]itigation against an alien

Case No. 11-cv-01051 CW (NC)
ORDER TO SHOW CAUSE                             3

defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) (citation omitted). Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction.

Here, plaintiffs bear the burden of establishing a prima facie case supporting personal jurisdiction, but they have not met that burden. *Id.* at 587 (noting that a plaintiff bringing a copyright infringement claim "bears the burden of establishing a prima facie case supporting in personam jurisdiction"). Plaintiffs do not specify whether personal jurisdiction over defendants is founded on general or specific jurisdiction. Indeed, plaintiffs' only allegations with respect to personal jurisdiction are that (1) defendants or their agents "are doing business in this district"; and (2) a "substantial part of the wrongful acts" committed by defendants "has occurred in interstate commerce in the State of California and Northern District of California." Am. Compl. ¶ 6. These conclusory allegations are insufficient to support this Court's exercise of general or specific personal jurisdiction over defendants, as they do not show that defendants, who reside in Vietnam and Indonesia, have any contacts with this district. *See Rano*, 987 F.2d at 588 (affirming dismissal of copyright infringement claim against an alien defendant because there was no evidence that the defendant invoked the benefits or protections of the forum's laws).

When a plaintiff brings a claim for willful copyright infringement arising out of conduct on the internet, the plaintiff must satisfy the requirements of the *Calder* effects test in order to establish that the exercise of specific personal jurisdiction over a nonresident defendant is proper. *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1140 (N.D. Cal. 2005) (citation omitted); *Calder v. Jones*, 465 U.S. 783, (1984). The *Calder* effects test requires the plaintiff to show that (1) the defendant committed an intentional act, (2) that was expressly aimed at the forum, and (3) that caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum. *Id.* Here, the allegations in the operative complaint fail to establish the last two of these elements, because they do not show that defendants' acts were expressly aimed at the Northern District of California or that defendants caused harm that they knew was likely to be suffered in the Northern District of California.

//

Case No. 11-cv-01051 CW (NC)
ORDER TO SHOW CAUSE                4

Furthermore, plaintiffs have failed to establish that venue is proper in this district. In actions for copyright infringement, venue is governed by 28 U.S.C. § 1400(a), which provides that such actions "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit has interpreted § 1400(a) to mean that venue "is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) (overruled on other grounds). Because defendants are not amenable to personal jurisdiction in this district, as discussed above, venue also is improper.

## IV. CONCLUSION

On or before June 4, 2012, plaintiffs must show cause, in writing, why this Court should not recommend to the District Court that this action be dismissed for lack of personal jurisdiction and improper venue.

IT IS SO ORDERED.

Date: May 21, 2012

Nathanael M. Cousins
United States Magistrate Judge